UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

MARILYN WESLEY
    Plaintiff

v.                                                                                                  No. 1:08CV-00108-J

MICHAEL ASTRUE
    Commissioner of Social Security
    Defendant

## MAGISTRATE JUDGE'S REPORT
## and RECOMMENDATION

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Mary Burchett-Bower. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 9 and 11, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on August 8, 2006, by administrative law judge (ALJ) Randolph Schum. In support of his decision denying Title II benefits, Judge Schum entered the following numbered findings:

1. The claimant met the insured status requirements of the Social Security Act through December 31, 2004.

2. The claimant has not engaged in substantial gainful activity since May 30, 1999, the alleged onset date (20 CFR 404.1520(b) and 404.1571 et seq.).

3. The claimant has the following severe impairments: carpal tunnel syndrome and fibromyalgia (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to occasionally lift and carry 20 pounds and frequently lift and carry ten pounds. She can sit for four hours and stand/walk for four hours in an eight hour workday. She requires a sit/stand option. She can occasionally climb stairs and ramps, balance, stoop, crouch, kneel and crawl. She can occasionally handle and finger. She should never climb ropes, ladders or scaffolds. She should avoid all exposure to vibration.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on March 2, 1952 and was 47 years old on the alleged disability onset date, which is defined as a younger individual age 45-49 (20 CFR 404.1563). She is now 54 years old.

8. The claimant has a general equivalency diploma education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2). She has no transferable skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

11. The claimant has not been under a "disability," as defined in the Social Security Act, from May 30, 1999 through the date of this decision (20 CFR 404.1520(g)).

(Administrative Record (AR), pp. 27-34).

## Governing Legal Standards

1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching her decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial

evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act.

3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a de minimis, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). The focus of judicial review in Step #5 cases is typically whether

the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

### Discussion

The plaintiff's primary contention upon judicial review is that the ALJ erred with respect to the weight he assigned to the medical opinions of the treating sources. In the present case, there are three assessments of the plaintiff's physical limitations from her treating physicians. On January 20, 2003, C. Glen Click, M.D., completed the Fibromyalgia Residual Functional Questionnaire (AR, pp. 328-332). On June 16, 2006, Peter Wright, M.D., completed the standard physical Residual Functional Capacity (RFC) Assessment form (AR, pp. 969-970). On June 21, 2006, John Drury, M.D., completed the same RFC form (AR, pp. 956-957).

The magistrate judge concludes that Dr. Wright opined the fewest restrictions and further concludes that the ALJ's RFC Finding No. 5 reflects acceptance of Dr. Wright's RFC form. In his written decision, the ALJ indicated his acceptance of Dr. Wright's assessment, which limited the plaintiff to "light" work, except that the ALJ took "exception to ... one portion of Dr. Wright's statement where he implies the claimant does not have the physical stamina to work more than four to six hours a day, even with a sit/stand option" (AR, p. 32).

The regulations provide that the medical opinion of a treating source is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. § 404.1527(d)(2). One "obvious inconsistency [is] when two medical sources provide inconsistent medical opinions about the same issue." Social Security Ruling (SSR) 96-2p. The

magistrate judge concludes that, in light of the obvious inconsistency among the opinions of the treating sources, the ALJ was not required to give controlling weight to the opinions of Drs. Click and Drury. Furthermore, the ALJ was not required to accept Dr. Wright's opinion that the plaintiff lacks the stamina to work full time because that opinion did not rise to the level of a "medical opinion." Rather, it was "medical source opinion[] on issues reserved to the Commissioner," e.g., an opinion that is tantamount to a "statement by a medical source that you are disabled or unable to work" or an opinion that would "direct the determination or decision of disability." 20 C.F.R. § 404.1527(e). Such opinions are entitled to no "special significance." Id. For similar reasons, to the extent it was a disabling opinion, the ALJ also was not required to accept Dr. Wright's opinion that the plaintiff would requires absences from work three to four days a month (AR, p. 970). The undersigned concludes that the ALJ's evaluation of the opinions of the treating physicians comported with applicable legal standards.

     The plaintiff's final contention is that the ALJ's decision is infirm because it failed to take into account certain findings contained in a report by Charles Combs, M.D., dated July 20, 2000. Dr. Click referred the plaintiff to Dr. Combs for evaluation for possible carpal tunnel syndrome (AR, p. 242). Dr. Combs found that bilateral carpal tunnel was indeed present and that, prior to proper treatment of this condition, she should wear Velcro elastic wrist splints and not lift or grip over two pounds with either upper extremity (AR, p. 243). The magistrate judge concludes that there is no evidence that Dr. Combs' two-pound restriction was intended as a permanent restriction. The ALJ's limitation of the plaintiff's activities to occasional handling and fingering and avoidance of vibration, as reflected in Finding No. 5 and the opinion of Dr. Wright, was adequate.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court.  Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections.  A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings.  The original objections shall be sent to the Clerk of Court either electronically or by mail.  A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party.  *Thomas v. Arn*, 474 U.S. 140 (1985).